
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
INTERSCOPE RECORDS, *et al.*,            )
                                         Plaintiffs,     )
     v.                                                       )
                                                    )
DAWNELL AND DONALD                   )
LEADBETTER,                                         )
                                  Defendants.  )
_____)

No. C05-1149-MJP-RSL

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS DEFENDANT
DAWNELL LEADBETTER WITHOUT
PREJUDICE AND DENYING
LEAVE TO FILE AN AMENDED
COMPLAINT AND TO EXTEND
DEADLINES

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion to Dismiss Defendant Dawnell Leadbetter Without Prejudice, For Leave to File an Amended Complaint and to Extend the Discovery and Dispositive Motion Deadlines" (Dkt. #39). For the reasons set forth below, the Court grants plaintiffs' motion in part and denies the motion in part.

## II. DISCUSSION

**A.     Background**

On June 24, 2005, plaintiffs filed a complaint for copyright infringement against defendant Dawnell Leadbetter. Dkt. #1. On September 29, 2005, the Court issued a "Minute Order Setting Trial Date & Related Dates" establishing October 27, 2005 as the deadline for joining additional parties. Dkt. #12. On May 26, 2006, nearly seven months after the deadline

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS AND DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND

for joining additional parties, plaintiffs filed a stipulation and proposed order requesting extension of the trial and certain pretrial deadlines. Dkt. #27. As part of this proposed order however, plaintiffs did not seek extension of the deadline for joining additional parties. The order was granted on May 30, 2006. Dkt. #29.

On July 12, 2006, plaintiffs took the deposition of defendant Dawnell Leadbetter's fiancé, Alan Pitcher. See Motion at 5; Exhibit F. Plaintiffs claim they did not identify Alan Pitcher as a probable defendant until they took his deposition. See Motion at 8 ("Further, it was only after Plaintiffs went to the time and expense of traveling to Seattle for depositions that they learned that Ms. Leadbetter's fiancé Alan Pitcher, was also a direct infringer, along with her son, Donald Leadbetter."). On September 8, 2006, plaintiffs filed another stipulated motion and proposed order to extend certain deadlines by ninety days. Dkt. #35. The Court granted this order on September 12, 2006. Dkt. #38. This order did not extend the deadline for joining additional parties. On November 9, 2006, Plaintiffs filed their motion to amend joining Alan Pitcher as a defendant almost four months after Alan Pitcher's deposition because "it took almost two months after the depositions before Plaintiffs received the deposition transcripts." Reply at 3.

**B.     Analysis**

    **1.     Rule 41(a)(2) Dismissal**

Under Fed. R. Civ. P. 41(a)(2), plaintiffs seek dismissal of defendant Dawnell Leadbetter. See Motion at 6. Defendant does not oppose dismissal. See Response at 1 ("Plaintiffs are free to take a voluntary non-suit of the unsupportable claims against Dawnell Leadbetter at any time."). Accordingly, the Court finds defendant will not be prejudiced by dismissal and therefore plaintiffs' claims against defendant Dawnell Leadbetter are dismissed without prejudice.

In response to plaintiffs' motion, defendant has not requested fees and costs. See

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS AND DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND             -2-

Response at 2 ("There should be no surprise that Ms. Leadbetter <u>may elect</u> to pursue a claim for fees when the action against her is appropriately dismissed.") (emphasis added).  Therefore, the Court does not consider an award for fees and costs at this point.  <u>See</u> <u>Stevedoring Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989) ("Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal.").  However, the Court retains jurisdiction in this case to hear collateral issues like the imposition of costs and fees at a later date after the voluntary dismissal this action.  <u>See</u> <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395-96 (1990).

### 2. Motion for Leave to Amend and to Extend Deadlines

Plaintiffs also move to amend their complaint to add Alan Pitcher as an additional defendant relying on Fed. R. Civ. P. 15(a).  <u>See</u> Motion at 9.  Rule 15, however, is not the appropriate threshold standard here.  Plaintiffs' motion for leave to amend is governed by Fed. R. Civ. P. 16(b), not Rule 15(a), because once the Court files a pretrial scheduling order pursuant to Fed. R. Civ. P. 16, that Rule's standards for amending pleadings controls.  <u>See</u> <u>Johnson v. Mammoth Recreations Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule 16(b), a party seeking to amend a pleading after the expiration of the time period specified in the scheduling order must show "good cause" for amendment.  <u>See</u> Fed. R. Civ. P. 16(b).  The diligence of the party seeking amendment is the touchstone of the "good cause" analysis.  <u>See</u> <u>Johnson</u>, 975 F.2d at 609 ("If the [moving party] was not diligent, the inquiry should end.").  <u>Id.</u>  Even if the moving party can show "good cause" under Rule 16(b), the movant still must demonstrate that amendment is warranted under Fed. R. Civ. P. 15.  <u>Id.</u> at 608.

Plaintiffs have failed to demonstrate good cause for their belated motion to amend joining Alan Pitcher as a defendant.  Plaintiffs filed their motion to amend on November 9, 2006, over a

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS AND DENYING PLAINTIFFS'
MOTION FOR LEAVE TO AMEND               -3-

year after the October 27, 2005 deadline for joining additional parties. See Dkt. #12. Plaintiffs allege that they obtained testimony from Alan Pitcher at his deposition on July 12, 2006 supporting a claim for direct infringement. Despite this discovery in July, plaintiffs waited nearly five months to seek joinder of Alan Pitcher. Furthermore, plaintiffs requested, and were granted, two extensions to the scheduling order. See Dkt. #29, #37. Despite these requests, plaintiffs never sought extension of the cutoff for joining additional parties, even in their September 8, 2006 stipulation and proposed order that was filed almost two months after Mr. Pitcher's deposition on July 12, 2006 when they discovered his involvement in this case.

Based on these actions, plaintiffs have failed to show sufficient diligence supporting "good cause" modification of the September 29, 2006 scheduling order setting October 27, 2005 as the deadline for joinder of additional parties. Accordingly, the Court need not reach the issue of the whether amendment is justified under Rule 15. Because the Court DENIES the motion for leave to file an amended complaint to add Alan Pitcher as a defendant,[1] the Court also DENIES the accompanying request to extend the discovery and dispositive deadlines as moot.

### III. CONCLUSION

For all of the foregoing reasons, it is hereby ORDERED that "Plaintiffs' Motion to

---

[1] In their motion, plaintiffs stated: "were this Court to deny the Plaintiffs' motion for leave to amend their Complaint, Plaintiffs would file an additional lawsuit against Alan Pitcher; that would not be in the interests of judicial economy, nor would it be in the best interest of the parties, where, as here, all of the issues can be heard in one forum." See Motion at 9. Plaintiffs did not even give the Court the opportunity to consider this argument, however, because contrary to the "interests of judicial economy," they went ahead and filed an action against Alan Pitcher on December 1, 2006, styled Capitol Records, Inc., et al. v. Alan Pitcher, No. C06-1728RSL, the same date plaintiffs noted their motion to amend. Plaintiffs also did not reference the lawsuit against Alan Pitcher in their reply (Dkt. #44), which was also filed on December 1, 2006.

In the "Notice of Related Case" in the Capital Records, Inc., et al., v. Pitcher matter, plaintiffs stated that "[i]f Plaintiffs' motion to add Alan Pitcher is denied, Plaintiffs anticipate moving to consolidate this lawsuit with the lawsuit, currently pending before the Court." Dkt. #1. The Court awaits the filing of this motion.

Dismiss Defendant Dawnell Leadbetter Without Prejudice, For Leave to File an Amended Complaint and to Extend the Discovery and Dispositive Motion Deadlines" (Dkt. #39) is GRANTED in part and DENIED in part.  Plaintiffs' claims against Dawnell Leadbetter are DISMISSED without prejudice.  Plaintiffs' motion for leave to file an amended complaint and to extend discovery and dispositive motion deadlines is DENIED.

DATED this 29th day of December, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS AND DENYING PLAINTIFFS'
MOTION TO AMEND                                   -5-