UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
INTERSCOPE RECORDS, *et al.*,   )
                                              Plaintiffs,   )  No. C05-1149-MJP-RSL
     v.   )  ORDER DENYING PLAINTIFFS'
                                                                           MOTION TO CONSOLIDATE
DONALD LEADBETTER,   )
                                              Defendant.   )
_____)

This matter comes before the Court on plaintiffs' "Motion to Consolidate" (Dkt. #46). Plaintiffs seek consolidation of this action with Capitol Records, Inc. et al. v. Alan Pitcher, (CV06-1728), a case filed in this district on December 1, 2006. Defendant Donald Leadbetter opposes consolidation because it would result in further expense and delay for him given that this case is scheduled for trial in two months. For the reasons set forth below, the Court denies plaintiffs' motion to consolidate.

**A.   Background**

On December 2, 2005, plaintiffs served interrogatories on Dawnell Leadbetter.[1] See Dkt. #39 at 4. Ms. Leadbetter responded to plaintiffs' interrogatories on January 3, 2006 and

---

[1] Ms. Leadbetter was dismissed from this action on December 29, 2006. See Dkt. #45 (Order Granting Plaintiffs' Motion to Dismiss Defendant Dawnell Leadbetter Without Prejudice).

ORDER DENYING PLAINTIFFS'
MOTION TO CONSOLIDATE

identified Alan Pitcher as her fiancé and as a person residing with her during the three years prior to the filing of this action. See Dkt. #39; Ex. C at 23 (Answer to Interrogatory No. 6). Ms. Leadbetter also identified Alan Pitcher as an individual who utilized her computer. Id. at 25 (Answer to Interrogatory No. 7). On March 29, 2006, based on the information disclosed in Ms. Leadbetter's answers to plaintiffs' interrogatories, plaintiffs filed a motion to amend their complaint to add Ms. Leadbetter's son, Donald Leadbetter, as a defendant in this case. The Court granted plaintiffs' motion to amend on May 8, 2006. See Dkt. #21; #22 (First Amended Complaint).

Despite being identified on January 3, 2006 as an individual who had used Ms. Leadbetter's computer, Alan Pitcher was not deposed until July 12, 2006, when plaintiffs claim they identified Alan Pitcher as a probable defendant in this case. See Dkt. #39 at 8. Later on November 9, 2006, over fifteen months after they commenced this action, and almost four months after Alan Pitcher's deposition, plaintiffs filed a motion to amend their complaint to add Alan Pitcher as a defendant. See Dkt. #39.

On December 29, 2006, the Court denied plaintiffs' motion to amend their complaint to join Alan Pitcher as a defendant because plaintiffs failed to show "good cause" under Fed. R. Civ. P. 16(b) justifying the belated amendment. See Dkt. #45 at 3-4.

**B.     Analysis**

Plaintiffs move for consolidation under Fed. R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Ninth Circuit Court of Appeals has described "consolidation" as referring to three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their

ORDER DENYING PLAINTIFFS'
MOTION TO CONSOLIDATE

separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (1995). The Ninth Circuit, however, has not decided as a general matter whether consolidated actions regain their separate character. Id. at 1036. ("[W]e do not resolve the issue of whether consolidated actions in general regain their separate character under [Johnson v. Manhattan Ry. Co., 289 U.S. 479 (1933)] and its progeny"). Although plaintiffs are not explicit about the nature of consolidation they seek, at a minimum, plaintiffs request consolidation of the two actions for a single trial. See Motion at 5 ("Consolidating the cases will prevent the need for two trials").

Under Rule 42, the Court has broad discretion to consolidate cases pending in the same district. See Investors Research Co. v. United States District Court for the Central District of Cal., 877 F.2d 777 (9th Cir. 1989). Simply because a common question of law or fact is present, however, does not mean that cases should be consolidated. "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989); see also Aerotel, Ltd. v. Verizon Commc'ns Inc., 234 F.R.D. 64, 67 (S.D.N.Y. 2005) (denying motion to consolidate because consolidating a case where only minimal discovery has been conducted would significantly delay the case where discovery is almost complete); Kilgo v. Bowman Transp., Inc., 570 F. Supp. 1509, 1513-14 (N.D. Ga 1983) ("The Court concludes that consolidation of these two actions would be inappropriate. Consolidation of cases at such different stages, such as a recently filed case with no substantive proceedings undertaken and a case more than four years old awaiting a decision is not advisable.").

In this case, although there are common questions of law and fact with Capitol Records,

ORDER DENYING PLAINTIFFS'
MOTION TO CONSOLIDATE

-3-

Inc. et al. v. Alan Pitcher, the difference in the maturity of the actions militates against consolidation. In this case, the bench trial is set for May 5, 2007, the parties have cross-motions for summary judgment pending, and a settlement conference is scheduled for April 3, 2007 before the Honorable James P. Donohue, United States Magistrate Judge. See Dkt. #33; #38 (Order granting stipulated motion to extend all deadlines); Dkt. #49 (Plaintiffs' motion for summary judgment); Dkt. #53 (defendant's cross-motion for summary judgment); Dkt. #59 (Letter confirming April 3 settlement conference). In contrast, the Capitol Records, Inc. et al. v. Alan Pitcher action was just filed, and plaintiffs purportedly did not serve Alan Pitcher until February 11, 2007. See Dkt. #2 (Complaint) and Dkt. #7 (Acknowledgment of Service) in CV06-1728. As a result, Mr. Pitcher has not yet answered or otherwise responded to plaintiffs' complaint in CV06-1728. Given the disparity in the timing of this case and the Capitol Records, Inc. et al. v. Alan Pitcher action, the Court finds that consolidating the two cases will cause unreasonable delay in this action, especially given that trial here is scheduled to begin in two months and discovery has not yet commenced in Alan Pitcher's case. See Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2383 (2006) ("[A] motion under Rule 42(a) may be denied . . . if consolidation will cause delay in the processing of one or more of the individual cases" or "when one of the actions has proceeded further in the discovery process than the other.").

Furthermore, although the parties in this case have not requested a jury trial, Mr. Pitcher may demand a trial by jury in his case. See Dkt. #2 (Complaint) at 5 in CV06-1728 (seeking statutory damages under 17 U.S.C. § 504); Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 355 ("[W]e hold that the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself."). Should Mr. Pitcher demand a jury trial, consolidation would not

ORDER DENYING PLAINTIFFS'
MOTION TO CONSOLIDATE

appreciably conserve judicial resources.[2] The uncertainty at this point of whether <u>Capitol Records, Inc. et al. v. Alan Pitcher</u> will be tried to a jury highlights the prudence of avoiding consolidation of two actions in dramatically different litigation phases.

### CONCLUSION

For all of the foregoing reasons, plaintiffs' "Motion to Consolidate" (Dkt. #46) is DENIED.

DATED this 5th day of March, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] <u>See, e.g.</u>, <u>Servants of the Paraclete, Inc. v. Great Amer. Ins. Co.</u>, 866 F. Supp. 1560, 1573 (D.N.M. 1994) ("Federal courts have often declined to consolidate cases requiring two different factfinders. The principle rationale for denying motions to consolidate jury and non-jury cases is that jury confusion and prejudice would likely result should the jury hear testimony irrelevant to the issues it must adjudicate. And while the Court could take steps to shield the jury from confusing or prejudicial testimony, such efforts would consume judicial resources and risk transforming the jury box into a carousel, with the jury moving in and out as each witness' testimony was fragmented to insure that the witness would not be able to testify before the jury as to that evidence which was soley admissible in the non-jury action.") (internal citations omitted).

ORDER DENYING PLAINTIFFS'
MOTION TO CONSOLIDATE