UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
INTERSCOPE RECORDS, *et al.*,                       )
                                                    )        No. C05-1149-MJP-RSL
                              Plaintiffs,            )
                                                    )        ORDER DENYING PLAINTIFFS'
              v.                                    )        MOTION FOR SUMMARY
                                                    )        JUDGMENT AND DENYING
                                                    )        DEFENDANT'S CROSS-MOTION
DAWNELL AND DONALD                                  )        FOR SUMMARY JUDGMENT
LEADBETTER,                                         )
                                                    )
                              Defendants.           )
_____)

## I.  INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment" (Dkt. #49) ("Motion") and defendant Donald Leadbetter's "Cross-Motion for Summary Judgment" (Dkt. #53) ("Cross-Motion").  In this action, plaintiffs are seeking an injunction, statutory damages, and fees and costs against defendant based on allegations that he illegally distributed plaintiffs' copyrighted sound recordings over the internet through the peer-to-peer ("P2P") KaZaA file sharing network.  Plaintiffs contend there are no disputed issues of material fact and the Court can enter summary judgment on their claims for direct copyright infringement, or in the alternative, for contributory infringement.  Plaintiffs also seek entry of default judgment against defendant because he destroyed a computer hard drive where he had downloaded MP3 audio files using KaZaA.  Defendant opposes entry of summary judgment and cross-moves for

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

summary judgment because he contends that plaintiffs have no evidence supporting their claim

of copyright infringement against him.  For the reasons stated below, the Court denies both

plaintiffs' summary judgment motion and defendant's cross-motion for summary judgment.[1]

## II.  DISCUSSION

### A.    Background

Most of the underlying facts in this case are undisputed.  On behalf of plaintiffs, the

Recording Industry of America ("RIAA") engaged an entity called MediaSentry to assist

plaintiffs in locating individuals potentially infringing plaintiffs' copyrighted recordings over

P2P networks and to gather evidence of infringement.  See Dkt. #49, Ex. 7 (Carpenter Decl.) at

¶3.  On December 2, 2003 at 10:18 p.m. EST, MediaSentry discovered an individual logged onto

KaZaA under the username "dawnlead@KaZaA" using the Internet Protocol ("IP") address

12.208.150.128 with a list of MP3 files that appeared to be recordings from well-known artists.

Id. at ¶¶17, 18.  MediaSentry captured "screen shots" of the list of files available from the

dawnlead@KaZaA shared folder.  Id. at 18.  The screen shots show a total listing of 788 MP3

files available for download by KaZaA users.  Id.  As part of their investigation, MediaSentry

then downloaded a sampling of the MP3 files from the dawnlead@KaZaA shared folder.  Id. at

¶20.  The MP3 files downloaded by MediaSentry from the dawnlead@KaZaA shared folder

were then given to RIAA for review to confirm that plaintiffs hold the copyrights to the

recordings.  See Dkt. #56, Ex. B (McDevitt Decl.) at ¶¶2, 3.  Overall at this time on December 2,

2003, approximately 3.3 million users on KaZaA had over 586 million files listed for possible

download.  See Dkt. #49, Ex. 7 at ¶19.  At the time of MediaSentry's investigation, the

12.208.150.128 IP address was assigned to the internet service provider ("ISP") Comcast Cable

---

[1]  Because this matter can be decided on the memoranda, declarations, and exhibits submitted by the parties, plaintiffs' request for oral argument is DENIED.

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

1    Communications, Inc.  Id.  Plaintiffs subpoenaed Comcast for information regarding the

2    subscriber of record for the 12.208.150.128 IP address.  See Motion at 4; Dkt. #49, Ex. 8

3    (Jacobson Decl.) at 6; Ex. 9.  The information provided by Comcast in response to the subpoena

4    identified Dawnell Leadbetter as the subscriber of record at the time of MediaSentry's

5    investigation on December 2, 2003.  Id.

6           After obtaining this information, on January 20, 2005, plaintiffs sent Dawnell Leadbetter,

7    defendant's mother and the original plaintiff in this action, a "Doe Defendant" letter informing

8    her that she had been sued in the United States District Court for the Eastern District of

9    Pennsylvania in a case styled Capitol Records, Inc. et al. v. John Doe (No. CV04-3011), but had

10   not yet been named as a defendant, and informing her of the obligation to preserve evidence

11   relating to the claims against her.[2]  See Dkt. #49, Ex. 13.  Ms. Leadbetter gave a copy of the

12   letter to defendant to read and he skimmed it.  See Dkt. #49, Ex. 11 (Leadbetter Dep.) at 32:5-

13   14.  Later in June of 2005, plaintiffs commenced the present lawsuit against Dawnell Leadbetter

14   alleging that she used an online media system to distribute plaintiffs' copyrighted recordings in

15   violation of plaintiffs' rights of reproduction and distribution.  See Dkt. #1 (Complaint).  On

16   May 8, 2006, the Court granted plaintiffs' motion to join Donald Leadbetter as a defendant

17   based on information plaintiffs obtained through discovery.  See Dkt. ##17, 21.  On November

18   9, 2006, based on deposition testimony obtained from defendant Donald Leadbetter and Alan

19   Pitcher in discovery, plaintiffs moved to voluntarily dismiss Dawnell Leadbetter and join Alan

20   Pitcher as a defendant.  See Dkt. #39.  On December 29, 2006, the Court granted plaintiffs'

21   motion to dismiss Dawnell Leadbetter but denied the request to join Alan Pitcher because on

22   December 1, 2006, the noting date for their motion to dismiss, plaintiffs had filed a separate

23

24        [2]  The Court notes that the letter sent to Ms. Leadbetter, in turn, spawned a separate lawsuit in
     this district.  See Dawnell Leadbetter v. Comcast Cable Commc'n, No. C05-892RSM.
25

26   ORDER DENYING PLAINTIFFS' MOTION
     FOR SUMMARY JUDGMENT AND DEFENDANT'S
     CROSS-MOTION FOR SUMMARY JUDGMENT

1   action against Alan Pitcher and plaintiffs had not shown diligence seeking to join Alan Pitcher to

2   this action.  See Dkt. #45 at 3-4; Capitol Records et al. v. Alan Pitcher, No. C06-1728RSL.  On

3   March 5, 2007, the Court denied plaintiffs' motion to consolidate this matter with the C06-

4   1728RSL case because of the difference in the maturity of the actions and the possibility that

5   Alan Pitcher might request a jury trial in his case.  See Dkt. #60.  Accordingly, the Capitol

6   Records et al. v. Alan Pitcher matter remains pending as a separate action in this Court.

7   **B.   Analysis**

8           This matter is before the Court on both plaintiffs' motion for summary judgment and

9   defendant's cross-motion for summary judgment.  "On a motion for summary judgment, the

10  court must view the evidence in the light most favorable to the nonmoving party and determine

11  whether there are genuine issues of material fact."  Holley v. Crank, 386 F.3d 1248, 1255 (9th

12  Cir. 2004); see Fed. R. Civ. P. 56(e).  There is no genuine issue of material fact where the

13  record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.

14  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)

15  (stating that the nonmoving party must present more than simply "some metaphysical doubt").

16  Additionally, the Ninth Circuit "has refused to find a 'genuine issue' where the only evidence

17  presented is 'uncorroborated and self-serving' testimony."  Villiarimo v. Aloha Island Air, Inc.,

18  281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Kennedy v. Applause, Inc., 90 F.3d 1477, 1481

19  (9th Cir. 1996).  Conversely, a genuine disputed issue of material fact exists if there is sufficient

20  evidence supporting the claimed factual dispute, requiring a factfinder to resolve the differing

21  versions of the truth.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In its

22  review on summary judgment, the Court "does not weigh conflicting evidence with respect to a

23  disputed material fact.  Nor does the judge make credibility determinations with respect to

24  statements made in affidavits, answers to interrogatories, admissions, or depositions.  These

25

26  ORDER DENYING PLAINTIFFS' MOTION
    FOR SUMMARY JUDGMENT AND DEFENDANT'S
    CROSS-MOTION FOR SUMMARY JUDGMENT
                                                    -4-

1  determinations are within the province of the factfinder at trial." <u>T.W. Elec. Serv., Inc. v. Pac.</u>

2  <u>Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (internal citation omitted).  Under

3  this standard of review, the Court addresses the parties' motions separately, below.

4          **1.      Plaintiffs' Motion for Summary Judgment**

5          In their motion and complaint, plaintiffs seek recovery against defendant on two theories

6  of copyright infringement:  (1) direct infringement; and (2) contributory infringement.

7          **a.      Direct infringement**

8          Plaintiffs must satisfy two requirements to prove direct copyright infringement:  "(1) they

9  must show ownership of the allegedly infringed material and (2) they must demonstrate that the

10  alleged infringers violate at least one exclusive right granted to copyright holders under 17

11  U.S.C. § 106." <u>A&M Records, Inc. v. Napster, Inc. ("Napster II")</u>, 239 F.3d 1004, 1013 (9th

12  Cir. 2001).  First, there is no dispute in this case that plaintiffs have satisfied the ownership

13  requirement by showing that they hold valid copyright registrations for the 47 sound recordings

14  at issue.  <u>See</u> Motion at 1; Dkt. #49 (Exs. 3-6).  Under the second requirement, however,

15  plaintiffs must show that defendant violated at least one exclusive right pursuant to § 106.

16  Plaintiffs assert that defendant violated plaintiffs' exclusive rights of reproduction and

17  distribution.  <u>See</u> Dkt. #25 (Amended Complaint) at ¶14.  Under 17 U.S.C. § 106(1), a copyright

18  holder has the exclusive right to "reproduce the copyrighted work in copies or phonorecords"

19  and under § 106(3), the exclusive right to "distribute copies or phonorecords of the copyrighted

20  work to the public."

21          In the context of a P2P network, courts in this circuit have articulated two theories of

22  establishing direct infringement.  First, in <u>Napster II</u>, the Ninth Circuit held that a P2P user could

23  be liable for direct infringement by distribution under § 106(3) simply by uploading file names

24  to a search index for others to copy, and also for direct infringement by reproduction under §

25

26  ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

1   106(1) if copyrighted files were downloaded through the P2P network.  <u>Napster II</u>, 239 F.3d at

2   1014 ("We agree that plaintiffs have shown that Napster users infringe at least two of the

3   copyright holders' exclusive rights:  the rights of reproduction, § 106(1); and distribution, §

4   106(3).  <u>Napster users who upload file names to the search index for others to copy violate</u>

5   <u>plaintiffs' distribution rights.  Napster users who download files containing copyrighted music</u>

6   <u>violate plaintiffs' reproduction rights</u>.") (emphasis added).

7        A second formulation of direct infringement through a P2P network was articulated in

8   2005 in <u>In re Napster</u>, 377 F. Supp. 2d 796, 802 (N.D. Cal. 2005).  The <u>In re Napster</u> court held

9   as a matter of law that simply listing the file names of MP3-formatted music files available for

10  download on the P2P Napster network did not constitute direct copyright infringement under §

11  106(3).  <u>Id.</u> at 802 (holding that "<u>[t]here is no dispute that merely listing a copyrighted musical</u>

12  <u>composition or sound recording in an index of available files falls short of satisfying these</u>

13  <u>'actual dissemination' or 'actual transfer' standards</u>.") (emphasis added).[3]  While the <u>In re</u>

14  <u>Napster</u> court found that "indexing" was not enough to constitute direct infringement, it held that

15  "uploading" or "downloading" copies of copyrighted sound recordings did constitute direct

16  infringement.  <u>Id.</u> at 806 ("There is no doubt that these 'uploading' and 'downloading' theories

17  are legally sufficient to establish defendants' liability for . . . copyright infringement.") (citing

18  <u>A&M Records, Inc. v. Napster, Inc. ("Napster I")</u>, 114 F. Supp. 2d 896, 911 (N.D. Cal. 2000);

19  <u>Napster II</u>, 239 F.3d at 1013).  Since the <u>In re Napster</u> decision, other courts in this circuit and

20

21        [3]  <u>See also</u> <u>id.</u> at 805 ("[I]t is apparent that plaintiffs' 'indexing' theory falls well short of meeting

22  the requirements for establishing direct copyright infringement.  Rather than requiring proof of the actual
dissemination of a copyrighted work or an offer to distribute that work for the purpose of its further

23  distribution or public performance, plaintiffs' theory is premised on the assumption that any offer to

24  distribute a copyrighted work violates section 106(3).  This is not sufficient to satisfy plaintiffs' burden of
proving that Napster or its users directly infringed their copyrighted musical compositions and sound

25  recordings[.]").

26  ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

1   copyright scholars have similarly concluded that a direct infringement claim for distribution

2   under § 106(3) requires actual dissemination of the work.  See, e.g., Perfect 10 v. Google, Inc.,

3   416 F. Supp. 2d 828, 844 (C.D. Cal. 2006) (concluding that distribution of a copyrighted work

4   under § 106(3) requires 'actual dissemination' of copies and stating "[i]n the internet context, an

5   actual dissemination means the transfer of a file from one computer to another."); 2 Nimmer on

6   Copyright § 8.11[A] (2005) ("Infringement of this right [§ 106(3)] requires an actual

7   dissemination of either copies or phonorecords.").

8          In this case, on summary judgment, the Court does not need to reach the issue of whether

9   defendant's listing the file names of the MP3-formatted music files in the dawnlead@KaZaA

10  shared folder available for download over the KaZaA network ("indexing") constitutes direct

11  copyright infringement under § 106(3), because plaintiffs have submitted proof showing that at

12  least 8 of the copyrighted files were actually disseminated out of the shared folder ("uploaded")

13  and captured ("downloaded") by MediaSentry.[4]  See Dkt. #49, Ex. 8 (Jacobson Decl.) at ¶17 ("I

14  will testify that MediaSentry downloaded 11 songs as shown in Systemlog and the MediaSentry

15  download logs and that these songs are copyrighted as shown in the Certificates of

16  Registration.").

17

18  _____

19      [4] Currently, plaintiffs are seeking statutory damages against defendant under 17 U.S.C. § 504 in
    the amount of $750 per infringement of 47 of their copyrighted recordings (for a total of $35,250).  See
20  Motion at 1.  There could be a significant issue at trial, however, of proving 47 separate infringements if
    plaintiffs can only show that some of the 47 recordings were actually disseminated ("uploaded" and
21  "downloaded") as indicated in Thomas Carpenter's declaration.  See Dkt. #47, Ex. 7 at ¶20 ("As with all
    individuals who are detected engaging in copyright infringement using a P2P system, MediaSentry
22  downloaded a sampling of MP3 'audio' files from the shared directory of 'dawnlead@KaZaA.'").  Also,
    as defendant correctly notes, there is a lack of clarity in plaintiffs' filings regarding how many recordings
23  are even at issue.  See Dkt. #57 at 3 n.1 ("Plaintiffs' brief claims copyright infringement of 47 sound
    recordings.  Exhibit A to plaintiffs' complaint lists 8 songs.  Plaintiffs' expert [Jacobson] declaration
24  speaks of 11 songs at issue.").

25

26  ORDER DENYING PLAINTIFFS' MOTION
    FOR SUMMARY JUDGMENT AND DEFENDANT'S
    CROSS-MOTION FOR SUMMARY JUDGMENT

1    There are, however, disputed issues of material fact whether defendant, and not anyone
2    else, distributed plaintiffs' copyrighted recordings.  It is undisputed that defendant downloaded
3    KaZaA onto both the Living Room Computer and the VPR Matrix hard drive.  See Dkt. #49, Ex.
4    11 at 24:8-23.  It is undisputed that defendant created the "dawnlead@KaZaA" username, and
5    that some of plaintiffs' recordings were in the dawnlead@KaZaA shared folder.  Id. at 28:22-
6    29:1; Dkt #49, Exs. 7 and 8.  And, it is undisputed that defendant downloaded music using
7    KaZaA.  Id.  Defendant, however, contends that he did not download any of the 47 sound
8    recordings at issue.  See Dkt. #53, Ex. C (Leadbetter Decl.) at ¶3 ("I have reviewed the two lists
9    of the 47 sound recordings which copyrights plaintiffs falsely allege that I infringed upon. . . .
10   At no time have I ever downloaded or shared any of these songs using any computer
11   whatsoever.").  On plaintiffs' motion for summary judgment, the Court must view all facts and
12   inferences in the light most favorable to defendant.  In this light, the Court concludes that there
13   is a disputed issue of fact whether defendant put the copyrighted song recordings into the
14   dawnlead@KaZaA shared folder allowing MediaSentry to download them.  Accordingly, the
15   Court denies plaintiffs' motion for summary judgment on direct infringement.

16              **b.    Contributory infringement**

17   Plaintiffs also seek recovery against defendant for contributory copyright infringement.[5]
18   See Motion at 11; Dkt. #25 at ¶15.  In order to prove contributory infringement, plaintiffs must

19

20        [5] Although plaintiffs pleaded vicarious copyright infringement as an alternative to contributory
     copyright infringement, plaintiffs did not move for summary judgment on this theory.  See Dkt. #25
21   (Amended Complaint) at ¶15 ("Plaintiffs are informed and believe that Defendants, without the
     permission or consent of Plaintiffs, have contributorily and/or vicariously infringed Plaintiffs' copyrighted
22   recordings[.]").  In contrast to contributory infringement, vicarious liability requires a showing that
     "defendant 'has the right and ability to supervise the infringing activity and also has a direct financial
23   interest in such activities.'"  Napster II, 239 F.3d at 1022 (quoting Gershwin Publ'g Corp. v. Columbia
     Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).  In this case, plaintiffs have provided no
24   evidence to support vicarious liability.

25
   ORDER DENYING PLAINTIFFS' MOTION
26 FOR SUMMARY JUDGMENT AND DEFENDANT'S
   CROSS-MOTION FOR SUMMARY JUDGMENT

1    show that defendant:  (1) had knowledge of the infringing activity, and (2) that he induced,

2    caused or materially contributed to the infringing conduct.  See Napster II, 239 F.3d at 1020

3    ("Traditionally, 'one who, with knowledge of the infringing activity, induces, causes or

4    materially contributes to the infringing conduct of another, may be held liable as a 'contributory'

5    infringer.") (quoting Gershwin Publ'g Corp., 443 F.2d at 1162)).  Constructive knowledge

6    where the defendant has reason to know of direct infringement, is sufficient to support

7    contributory infringement.  Id.

8         In this case there is a disputed issue of material fact whether defendant had reason to

9    know if Alan Pitcher was directly infringing plaintiffs' copyrights.  While there is proof that:  (a)

10   defendant downloaded KaZaA on the Living Room Computer and assigned the

11   dawnlead@KaZaA username; (b) that the dawnlead@KaZaA shared folder contained plaintiffs'

12   copyrighted recordings; and (c) that defendant "showed" Alan Pitcher the KaZaA network,

13   defendant disputes that he had any knowledge whether Alan Pitcher downloaded plaintiffs'

14   copyrighted recordings.  See Dkt. #49, Ex. 12 (Pitcher Dep.) at 15:14 - 16:14 ("I mean, he

15   showed me the program [KaZaA], but he really didn't show me how it worked."); 28:22 - 29:1;

16   Dkt. #53, Ex. C (Leadbetter Decl.) at ¶5 ("If Mr. Pitcher downloaded or shared any of the listed

17   songs, I have no knowledge of it.").  Viewing this evidence in the light most favorable to

18   defendant, and, given that the Court is not permitted to weigh the evidence on a motion for

19   summary judgment, the Court concludes there is a disputed factual issue concerning whether

20   Alan Pitcher directly infringed, and whether defendant had knowledge of any infringing activity

21   by Alan Pitcher.[6]

22   

23        [6] This disputed factual issue warrants denial of plaintiffs' summary judgment motion.  Therefore,
     the Court at this stage does not need to consider plaintiffs' theory of joint and several liability, because
24   even if this theory is supportable, there are factual issues preventing a ruling on this issue as a matter of
     law.  See Motion at 9-10.
25   
26   ORDER DENYING PLAINTIFFS' MOTION
     FOR SUMMARY JUDGMENT AND DEFENDANT'S
     CROSS-MOTION FOR SUMMARY JUDGMENT
                                                              -9-

1    There is also a disputed issue of fact concerning whether defendant induced, caused, or

2   materially contributed to any infringing conduct.  While it is undisputed that defendant

3   "showed" Alan Pitcher the KaZaA program on the Living Room Computer, in his opposition

4   defendant contends that "[c]ontrary to plaintiffs' false allegations, I did not teach Mr. Pitcher

5   how to download and share songs on the internet."  See Dkt. #53, Ex. C at ¶5.  As a result of this

6   dispute, on summary judgment the Court cannot resolve the factual issue regarding the extent of

7   defendant's contribution to the contents of the dawnlead@KaZaA shared folder.  Accordingly,

8   plaintiffs' motion for summary judgment on contributory copyright infringement is also denied.

9        **2.    Defendant's Cross-Motion for Summary Judgment**

10    As a threshold matter, plaintiffs have moved to strike defendant's cross-motion as

11   untimely.  See Reply; Dkt. #58.  The deadline for dispositive motions in this case, accounting

12   for the weekend and the January 15th holiday, was January 16, 2007.  See Dkt. #38.  On

13   November 9, 2006, plaintiffs moved for an extension of this deadline, defendant opposed the

14   extension, and the extension was denied on December 29, 2006.  See Dkt. #45.  Defendant did

15   not file his cross-motion for summary judgment until February 1, 2007, 16 days after the Court's

16   deadline.  Under Fed. R. Civ. P. 16(b), a pretrial schedule "shall not be modified except upon a

17   showing of good cause and by leave of the district judge."  In his response, defendant justifies

18   his belated filing as in the interest of "judicial efficiency" because he combined it with his

19   response to plaintiffs' motion for summary judgment.  See Dkt. #57.  Making an appeal to

20   judicial economy, however, does not justify "good cause" for failing to meet the deadline set

21   forth in the Court's scheduling order.  Defendant also alleges that "court staff" advised him to

22   file his cross-motion and response in a combined pleading.  Not only is this assertion

23   unsupported, but as Fed. R. Civ. P. 16(b) clearly states, a pretrial schedule may only be modified

24   by leave of the district judge, and the Court in this matter did not grant defendant leave to file

25

26   ORDER DENYING PLAINTIFFS' MOTION
     FOR SUMMARY JUDGMENT AND DEFENDANT'S
     CROSS-MOTION FOR SUMMARY JUDGMENT

his cross-motion late.  Accordingly, the Court DENIES defendant's cross-motion for summary judgment as untimely.

However, because defendant integrated his response to plaintiffs' motion for summary judgment with his cross-motion, the Court has reviewed defendant's entire combined response/cross-motion filing.  See Cross-Motion at 1.  Upon review, the Court not only denies the cross-motion as untimely, but as discussed below, the Court also denies the cross-motion on the merits because there are disputed material issues of fact preventing summary adjudication in this matter and because of defendant's destruction of his VPR Matrix hard drive.

Defendant moves for summary judgment contending that plaintiffs have "no evidence" proving that defendant is responsible for copyright infringement.  See Cross-Motion at 8 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Defendant asserts that plaintiffs' claim for direct infringement fails for three reasons:  (1) plaintiffs have no proof that defendant put the copyrighted recordings into the KaZaA shared folder on the Living Room Computer; (2) plaintiffs have not shown that the names of the recordings in the shared folder are the actual songs copyrighted by plaintiffs; (3) and that making the recordings available in the shared folder does not by itself violate plaintiffs' exclusive right to distribution under § 106(3).  See Cross-Motion at 8-13.

> ### a.    Evidence of defendant's involvement in the dawnlead@KaZaA shared folder's content

First, defendant contends that plaintiffs have no actual evidence that he actually put plaintiffs' copyrighted recordings into the shared folder, which allowed the content to be distributed over the KaZaA network.  See Cross-Motion at 8.  As stated above in Section II.B.1.a, however, there are disputed issues of fact regarding the extent of defendant's involvement in this case.  On reviewing defendant's motion, the Court must draw all inferences in the light most favorable to plaintiffs.  See T.W. Elec. Serv., Inc., 809 F.2d at 631.  In this

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

1   case, there are underlying facts showing that defendant created the dawnlead@KaZaA shared

2   folder and that the copies of plaintiffs' copyrighted recordings were both indexed and actually

3   distributed from the shared folder.  See Dkt. #49, Exs. 7 and 8.  Given these underlying facts,

4   and viewing the inferences in the light most favorable to plaintiffs, it is reasonable to infer that

5   defendant was responsible for the content in the dawnlead@KaZaA shared folder.  See T.W.

6   Elec. Serv., Inc., 809 F.2d at 631 ("Inferences may be drawn from underlying facts that are not

7   in dispute, such as background or contextual facts, and from underlying facts on which there is

8   conflicting direct evidence but which the judge must assume may be resolved at trial in favor of

9   the nonmoving party.  Assuming the existence of these underlying facts, however, an inference

10  as to another material fact may be drawn in favor of the nonmoving party only if it is 'rational'

11  or 'reasonable[.]'") (internal citations omitted).  Although defendant asserted in his deposition

12  and in his declaration that he did not upload or download the recordings at issue here, these self-

13  serving and uncorroborated statements do not support entry of summary judgment in defendant's

14  favor.  See Villiarimo, 281 F.3d at 1061.  Nor can the Court at this stage weigh defendant's

15  testimony against plaintiffs' proof.  See T.W. Elec. Serv., Inc., 809 F.2d at 630 ("The Court does

16  make credibility determinations with respect to statements made in affidavits, answers to

17  interrogatories, admissions or depositions.  These determinations are within the province of the

18  factfinder at trial."); McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 n.5 (9th Cir. 2004)

19  ("[I]t is axiomatic that disputes about material facts and credibility determination must be

20  resolved at trial, not on summary judgment.").

21          Furthermore, the Court considers the fact of defendant's destruction of the VPR Matrix

22  hard drive in reviewing his cross-motion for summary judgment.  In his deposition, defendant

23  testified that he downloaded the KaZaA program onto his VPR Matrix computer for the purpose

24  of downloading music.  See Dkt. #49, Ex. 11 at 24:8-12.  He further testified that he had in fact

25

26  ORDER DENYING PLAINTIFFS' MOTION
    FOR SUMMARY JUDGMENT AND DEFENDANT'S
    CROSS-MOTION FOR SUMMARY JUDGMENT

1    downloaded music onto the VPR Matrix computer, but he could not remember what he had

2    downloaded and could not remember his personal KaZaA username.  Id. at 24:8:-23; 30:1-12;

3    30:21-24; 36:3-5.  Plaintiffs have submitted evidence that their copyrighted sound recordings

4    were located in the shared folder of the Living Room Computer under the dawnlead@KaZaA

5    user name created by defendant.  Id. at 28:22 - 29:1; Dkt. #49, Exs. 7, 8.  There is also evidence

6    that the Living Room Computer was hardwired to the internet, and at the same time the VPR

7    Matrix computer could also be connected to the internet wirelessly.  See Dkt. #49, Ex. 11 at

8    17:4-12.  Given the evidence that copyrighted sound recordings were located on the Living

9    Room Computer's shared KaZaA folder, if defendant transferred these recordings from the

10    Living Room Computer to the VPR Matrix computer, he is liable for direct copyright

11    infringement under §106(3).  See Perfect 10, 416 F. Supp. 2d at 844 (concluding that

12    dissemination means transfer from one computer to another).  Plaintiffs, however, cannot

13    determine whether this transfer in fact occurred because defendant destroyed the VPR Matrix

14    hard drive even after "skimming" the January 20, 2005 letter informing his mother that she had

15    been sued for copyright infringement and to preserve evidence.  See Dkt. #49, Ex. 11 at 32:5-14.

16    For all of these reasons, there are disputed issues of material fact warranting denial of

17    defendant's cross-motion.

18    
19                        **b.    Proof that the dawnlead@KaZaA shared folder actually
                                    contained plaintiffs' copyrighted recordings**

20            Second, defendant claims that plaintiffs cannot prove that the MP3s in the shared folder

21    are actual copies of plaintiffs' copyrighted recordings.  See Cross-Motion at 10.  There is,

22    however, at least a disputed issue of fact on this point.  Plaintiffs have submitted evidence that at

23    least 8 of the MP3s in the shared folder are actually copies of the recordings identified in Exhibit

24    A of the complaint.  As stated in Mark McDevitt's and Thomas Carpenter's declaration

25    submitted in support of plaintiffs' motion, MediaSentry downloaded a sampling of the files from

26    ORDER DENYING PLAINTIFFS' MOTION
       FOR SUMMARY JUDGMENT AND DEFENDANT'S
       CROSS-MOTION FOR SUMMARY JUDGMENT

the dawnlead@KaZaA shared folder to confirm that they are copyrighted recordings.  See Dkt.

#49, Ex. 7 (Carpenter Decl.) at ¶¶12, 20 ("As with all individuals who are detected engaging in

copyright infringement using a P2P system, MediaSentry downloaded a sampling of MP3

'audio' files from the shared directory of 'dawnlead@KaZaA.' The titles of files that were

sampled indicate that they are sound recordings whose copyrights are owned by RIAA's record

company members."); Dkt. #56, Ex. B (McDevitt Decl.) at ¶3 ("The title and artist of each

sound recording verified by the RIAA is listed in Exhibit A to Plaintiffs' Amended

Complaint[.]").  Accordingly, the Court concludes that plaintiffs have submitted proof sufficient

to overcome summary judgment on the issue of whether the MP3s in the dawnlead@KaZaA

shared folder are actually plaintiffs' copyrighted recordings.[7]

           **c.**       **Defendant's "indexing" defense**

       Third, defendant claims that a "mere listing of copyrighted works in an index of files

available for downloading by others does not violate the copyright holder's right to distribution."

See Cross-Motion at 12.  As articulated above, on summary judgment, the Court does not need

to reach the argument of whether putting copyrighted content into the shared folder on the P2P

KaZaA network itself constitutes copyright infringement, because here, plaintiffs have evidence

that defendant actually distributed copyrighted content out of the shared folder.  See Section

---

      [7]  In his cross-motion, defendant argues that "even if plaintiffs claim that their agents viewed or listened to actual copies of the copyrighted song recordings which were downloaded from the IP address in question, such activity would not be dissemination to the 'public' constituting copyright infringement." See Cross-motion at 10 n.3.  This novel argument has been explicitly rejected by other courts.  See Gamma Audio & Video, Inc. v. Ean-Chea, 1992 U.S. Dist. Lexis 10505, at *5 n.5 (D. Mass July 3, 1992) ("Distribution to an agent of the plaintiffs engaged to document unauthorized transfers satisfies the 'public' requirement of § 106(3)"); Paramount Pictures Corp. v. Labus, 1990 U.S. Dist. Lexis 11754, at *14 (W.D. Wis. Mar. 23, 1990) ("Defendant argues [under § 106(3)] that because Carr is plaintiff's agent, he is not a member of the public.  This argument is completely without merit.").  The Court finds this reasoning persuasive and similarly rejects the same argument made by defendant here.

1    II.B.1.a above.  Accordingly, the Court denies defendant's cross-motion on this basis.

2            **d.      Contributory infringement**

3            Defendant also contends that plaintiffs cannot prove contributory or vicarious liability

4    against him.  See Cross-Motion at 13-17.  Plaintiff is correct that a claim for contributory

5    liability requires proof of direct infringement.  See Metro-Goldwyn-Mayer Studios, Inc. v.

6    Grokster Ltd., 380 F.3d 1154, 1160 (9th Cir. 2004), reversed on other grounds, 545 U.S. 913

7    (2005) ("The three elements required to prove a defendant liable under the theory of

8    contributory copyright infringement are:  (1) direct infringement by a primary infringer, (2)

9    knowledge of the infringement, and (3) material contribution to the infringement.") (citing

10   Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).  In this case, as articulated above in

11   Section II.B.1.a, there is a triable issue on whether defendant directly infringed plaintiffs'

12   copyrights, especially on defendant's cross-motion where the Court views disputed material

13   facts in plaintiffs' favor.  Furthermore, as described above in Section II.B.1.b, there is also a

14   triable issue of fact whether Alan Pitcher directly infringed plaintiffs' copyrighted recordings.

15   Accordingly, the Court denies defendant's cross-motion on contributory infringement.

16           On the issue of vicarious liability, as the Court noted above, plaintiffs pleaded vicarious

17   liability in the alternative with contributory infringement.  See supra note 5.  Given that

18   plaintiffs are proceeding on the theory of contributory liability, and not on vicarious liability,

19   defendant's arguments in opposition to the vicarious liability claim are moot.  See Cross-Motion

20   at 14-15.

21           **3.      Potential sanction for destruction of the VPR Matrix hard drive**

22           Plaintiffs argue that they are entitled to summary judgment because they have been

23   "severely and irreparably prejudiced" by defendant's destruction of his VPR Matrix hard drive.

24   See Motion at 17.  As an initial matter, the Court queries the extent to which plaintiffs have been

25
26   ORDER DENYING PLAINTIFFS' MOTION
     FOR SUMMARY JUDGMENT AND DEFENDANT'S
     CROSS-MOTION FOR SUMMARY JUDGMENT

1   prejudiced by destruction of the VPR Matrix hard drive given their representation in the January

2   20, 2005 "Doe Defendant" letter send to Dawnell Leadbetter stating: "The evidence necessary

3   for the record companies to prevail in this action has already been secured." See Dkt. #49, Ex.

4   13 at 2. However, the Court understands that during discovery in this case, a pivotal issue

5   surfaced regarding which member, or members,[8] of the 18122 170th Place SE household are

6   responsible for the copyrighted content in the dawnlead@KaZaA shared folder.

7       The extent of the impact that defendant's destruction of the VPR Matrix hard drive has

8   had on plaintiffs, however, requires resolution of disputed factual issues. Accordingly, given

9   this Court's ruling that a trial is necessary to resolve the disputed issues of material fact in the

10  case, the Court reserves the ruling on the appropriate sanction, if any, for defendant's

11  destruction of the VPR Matrix hard drive for the trial judge in this case, the Honorable Marsha J.

12  Pechman.[9]

13  _____

14      [8] Defendant's argument in this case that an "unknown person" using a wireless connection could
    be responsible for the alleged infringement is specious. See Cross Motion at 5, ¶13; 9. Here, defendant
15  testified that he installed KaZaA on the Living Room Computer, created the dawnlead@KaZaA username
    on the Living Room Computer, and that the Living Room Computer was hard-wired. See Dkt. #49, Ex.
16  11 at 17:4-7; 28:22-29:1. Furthermore, defendant bases his argument on a transcript of Gary Millin's
    testimony in a Canadian case, a copy of which, according to the footer on Dkt. #53, Ex. A, appears to
17  have been downloaded from the http://www.p2pnet.net website. Defendant simply attached this
    transcript as an exhibit to his motion without any support for its authenticity or basis for its admissibility.
18  Mr. Millin is neither a fact witness nor has he been qualified as an expert in this case. Accordingly, the
    Court has not considered Exhibit A to defendant's cross-motion under Fed R. Civ. P. 56(e) and grants
19  plaintiffs' request to strike the exhibit. See Reply at 7 n.2.

20
        [9] Spoliation issues are not uncommon in actions like this one where recording industry companies
21  are seeking to protect their copyrighted music from illegal downloading and sharing over P2P networks.
    See, e.g., Motown Record Co., LP v. DePietro, 2007 U.S. Dist. Lexis 11626, at *20 (E.D. Pa. Feb. 16,
22  2007) (considering spoliation sanctions where defendant disposed of her computer after receipt of a "Doe
    Defendant" letter and determining that awarding summary judgment to plaintiffs was not the appropriate
23  remedy in the face of disputed issues of fact but inviting a motion for an evidentiary hearing). This
    Court's ruling reserving the sanction for spoliation, if any, for trial is consistent with the approach taken
24  by other courts facing this issue. See, e.g., Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 113
25  ORDER DENYING PLAINTIFFS' MOTION
26  FOR SUMMARY JUDGMENT AND DEFENDANT'S
    CROSS-MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III. CONCLUSION

For all of the foregoing reasons, "Plaintiffs' Motion for Summary Judgment" (Dkt. #49) is DENIED and defendant Donald Leadbetter's "Cross-Motion for Summary Judgment" (Dkt. #53) is DENIED.  Additionally, given the ruling above on plaintiffs' and defendant's dispositive motions, the order (Dkt. #7) referring the above-captioned matter to this Court for all pre-trial matters is now terminated.  All future matters in this case will be handled by the Honorable Marsha J. Pechman.

DATED this 23rd day of April, 2007.

*MN S Casnik*

Robert S. Lasnik
United States District Judge

(E.D. Pa. 2005) ("It may be that Davis intentionally wiped the computer's memory in order to impair the ability of Paramount to discover evidence of the motion picture and eDonkey network software on his computer.  However, such a factual finding is not appropriate at the summary judgment stage. . . . Paramount has not cited and I cannot find any case in which a court has used the spoliation inference to determine an issue of fact in favor of granting summary judgment. . . . Accordingly, . . . I will take Davis' willful destruction of evidence into consideration at the time of trial.").

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT        -17-