UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERSCOPE RECORDS, et al.,

           Plaintiffs,

v.

DAWNELL AND DONALD LEADBETTER,

           Defendants.

NO. C05-1149P

ORDER ON PENDING MOTIONS

This matter comes before the Court on Defendant Dawnell Leadbetter's motion for attorney's fees and costs. (Dkt. No. 86.) In connection with the motion for fees, Defendants have also filed a motion requesting that the Court review a confidential settlement agreement that Ms. Leadbetter's co-defendant and son Donald Leadbetter entered into with Plaintiffs. (Dkt. No. 102.)

Having reviewed the materials submitted in support of and in opposition to these motions and the balance of the record, and finding that oral argument is not necessary to decide these matters, the Court DENIES the two pending motions.[1] The Court finds that Ms. Leadbetter is not entitled to an award of attorney's fees and costs because she is not a prevailing party in this action. In light of this

---

[1] Both sides submitted briefs on Ms. Leadbetter's motion for fees that exceed the Court's page limits for non-dispositive motions. See Local Civil Rule 7(e)(4). The Court does not approve of this failure to comply with the Local Rules. However, in the interest of closing this protracted litigation, the Court will not require the parties to submit revised briefs that comply with the applicable page limits.

ORDER - 1

determination, Defendants' motion for review of the confidential settlement agreement with Mr. Leadbetter is moot. The reasons for the Court's order are stated below.

**Background**

The Plaintiffs in this action are several recording companies. Plaintiffs filed this copyright infringement suit against Dawnell Leadbetter in June 2005, alleging that Ms. Leadbetter had illegally downloaded and distributed copies of Plaintiffs' recordings. Ms. Leadbetter answered the complaint in August 2005. In May 2006, Chief Judge Lasnik granted Plaintiffs' motion to amend their complaint to add Ms. Leadbetter's son Donald Leadbetter as a defendant in this action.[2]

In November 2006, Plaintiffs filed a motion that sought to voluntarily dismiss their claims against Ms. Leadbetter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Dkt. No. 39.) Plaintiffs indicated in the motion that they would continue to pursue their claims against Donald Leadbetter; they also indicated that they would seek to pursue claims against Ms. Leadbetter's fiancé Alan Pitcher, based on information obtained in discovery. Although Plaintiffs continued to maintain in their motion that Ms. Leadbetter was subject to liability for copyright infringement, Plaintiffs asserted that they "prefer to proceed against those most culpable for the direct infringement." (Dkt. No. 39 at 8.)

In response to this motion, Ms. Leadbetter did not oppose Plaintiffs' request for voluntary dismissal, nor did she request that Plaintiffs be required to pay her attorney's fees or costs as a condition of voluntary dismissal. Instead, she stated that "Plaintiffs are free to take a voluntary non-suit of the unsupportable claims against Dawnell Leadbetter at any time." (Dkt. No. 43 at 1). However, she indicated that "[t]here should be no surprise that Ms. Leadbetter may elect to pursue a claim for fees when the action against her is appropriately dismissed." Id. at 2.

---

[2] Under the policies followed in this district, Chief Judge Lasnik handles all pre-trial matters in this type of "file sharing" case. See Dkt. No. 7.

ORDER - 2

On December 29, 2006, Judge Lasnik issued an order that granted Plaintiffs' request to voluntarily dismiss the claims against Ms. Leadbetter without prejudice. In relevant part, the order stated:

> Under Fed. R. Civ. P. 41(a)(2), plaintiffs seek dismissal of defendant Dawnell Leadbetter. See Motion at 6. Defendant does not oppose dismissal. See Response at 1 ("Plaintiffs are free to take a voluntary non-suit of the unsupportable claims against Dawnell Leadbetter at any time."). Accordingly, the Court finds defendant will not be prejudiced by dismissal and therefore plaintiffs' claims against defendant Dawnell Leadbetter are dismissed without prejudice.
>
> In response to plaintiff's motion, defendant has not requested fees and costs. See Response at 2 ("There should be no surprise that Ms. Leadbetter may elect to pursue a claim for fees when the action against her is appropriately dismissed.") (emphasis added). Therefore, the Court does not consider an award for fees and costs at this point. See Stevedoring Servs. of Am. v. Amrilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal."). However, the Court retains jurisdiction in this case to hear collateral issues like the imposition of costs and fees at a later date after the voluntary dismissal [of] this action. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990).

(Dkt. No. 45 at 2-3).

Following the voluntary dismissal of claims against Ms. Leadbetter, Plaintiffs continued to pursue their claims against Donald Leadbetter.[3] Shortly before trial, Plaintiffs and Mr. Leadbetter reached a settlement. After the claims against Mr. Leadbetter were settled, Ms. Leadbetter filed this motion for attorney's fees and costs.

**Analysis**

Ms. Leadbetter is seeking an award of attorney's fees under 17 U.S.C. § 505. This provision of the Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party" in a copyright action. Under the statute, the decision to award fees to a prevailing party is discretionary. Fogerty v. Fantasy, Inc., 510 U.S. 517, 523-24 (1994).

---

[3] Plaintiffs also filed a lawsuit against Ms. Leadbetter's fiancé Alan Pitcher under case number C06-1728RSL.

ORDER - 3

1	Plaintiffs dispute that Ms. Leadbetter may be regarded as a "prevailing party" in this action,
2 particularly in light of Plaintiffs' voluntary dismissal of their claims against her without prejudice. In
3 support of their position, Plaintiffs point to the Supreme Court's decision in <u>Buckhannon Board &
4 Care Home, Inc. v. West Virginia Department of Health & Human Resources</u>, 532 U.S. 598 (2001).
5 In <u>Buckhannon</u>, the Court considered a party's request for attorney's fees under the Fair Housing Act
6 Amendments (FHAA) and the Americans with Disabilities Act (ADA). Like the Copyright Act, the
7 FHAA and ADA provide that a district court may, in its discretion, allow the prevailing party its
8 reasonable attorney's fee and costs. <u>Id.</u> at 601. The Court indicated that "a 'prevailing party' is one
9 who has been awarded some relief by the court. . . ." <u>Id.</u> at 603. The type of relief that may support a
10 fee award include "judgments on the merits" or "settlement agreements enforced through a consent
11 decree." <u>Id.</u> at 604. Here, Ms. Leadbetter did not receive a judgment on the merits or relief through a
12 court-ordered consent decree.

13	Ms. Leadbetter suggests that <u>Buckhannon</u> is inapplicable in this case because it interpreted the
14 fee-shifting provisions of the FHAA and the ADA. However, other courts have held that
15 "<u>Buckhannon</u> applies with equal force to the fee-shifting provision of the Copyright Act." <u>Chambers
16 v. Time Warner, Inc.</u>, 279 F. Supp.2d 362, 365 n.4 (S.D.N.Y. 2003); see also <u>Berry v. Hawaii Express
17 Serv., Inc.</u>, 2007 WL 689474 at * 20 (D. Haw. Mar. 2, 2007) (collecting cases where courts held
18 <u>Buckhannon</u> to be applicable to Copyright Act's fee-shifting provision). Plaintiffs also cite a leading
19 copyright treatise, which discusses this issue as follows:

20	If the plaintiff voluntary dismisses an action, is the defendant to be regarded as the "prevailing
	party"? Courts typically used to answer that question in the affirmative, although depending
21	on the circumstances some ruled to the contrary. But since the Supreme Court's decision in
	<u>Buckhannon</u> . . ., it has been held that a prevailing party can only be one who "secure[d] a
22	judgment on the merits or a court-ordered consent decree." . . . In the absence of such a
	consent decree – given, for example, a voluntary dismissal – it has been held that there is no
23	prevailing party.

24 4 Melville and David Nimmer, <u>Nimmer on Copyright</u> § 14.10[B] (2007); see also <u>Herkemij & Partners
25 Knowledge, B.V. v. U.S. Dist. Court for N.D. of Georgia</u>, 2006 U.S. DIST Lexis 38783 at * 18-19

26 ORDER - 4

(N.D. Ga. June 12, 2006) (finding that defendant was not prevailing party under Copyright Act where defendant voluntarily dismissed claims without prejudice under Rule 41(a)(2)); <u>Elektra Entm't Group, Inc. v. Perez</u>, 2006 WL 3063493 (D. Or. Oct. 25, 2006) (finding that defendant in file-sharing litigation was not prevailing party where defendant was voluntarily dismissed from case without prejudice).

Ms. Leadbetter argues that even if <u>Buckhannon</u> is applicable, she should still be regarded as a prevailing party. She notes that <u>Buckhannon</u> indicated that a party who obtains a settlement agreement enforced through a court-ordered consent decree may be regarded as a prevailing party because such decrees create a "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. (Reply at 4-5) (citing <u>Buckhannon</u>, 532 U.S. at 604). She asserts that her "claim for fees and costs is based on [a] court-ordered dismissal of the claims against her" and that "[s]urely, this order of dismissal materially altered the legal relationship between her and plaintiffs." (Reply at 5.) However, Ms. Leadbetter cites no authority for this assertion, and the Court fails to see how Plaintiffs' voluntary dismissal without prejudice of their claims against her is comparable to a settlement agreement enforced through a court-ordered consent decree.

Ms. Leadbetter's fee request also relies in significant part on <u>Capitol Records, Inc. v. Foster</u>, 2007 WL 1028532 (W.D. Okla. Feb. 6, 2007), another case brought by recording companies against an alleged infringer. In <u>Foster</u>, the court awarded attorney's fees to a defendant after the recording companies voluntarily dismissed their claims against the defendant <u>with</u> prejudice. Plaintiffs suggest that <u>Foster</u> is readily distinguishable from the situation presented here because the claims against Ms. Leadbetter were dismissed <u>without</u> prejudice. Plaintiffs' argument is consistent with <u>Foster</u>, where the court was careful to distinguish between the dismissal of a case with prejudice and a dismissal without prejudice. <u>Id.</u> at * 5.

Ms. Leadbetter also contends that Judge Lasnik's order granting Plaintiffs' motion for voluntary dismissal "contains a finding that a voluntary dismissal without prejudice is a viable basis for

ORDER - 5

1  a claim for attorney's fees." (Reply at 4.) However, Judge Lasnik's order contains no such finding.

2  At most, the order provides that "the Court retains jurisdiction in this case to hear collateral issues like

3  the imposition of costs and fees at a later date after the voluntary dismissal . . . ." (Dkt. No. 45 at 3.)

4  This language cannot be construed as a finding that Ms. Leadbetter has a "viable basis for a claim for

5  attorney's fees." By its terms, it is simply a recognition that the Court retains <u>jurisdiction</u> to hear such

6  requests.

7  Although not cited by either side, the Ninth Circuit's decision in <u>Corcoran v. Columbia

8  Broadcasting System, Inc.</u>, 121 F.2d 575 (9th Cir. 1941), could arguably be invoked to support Ms.

9  Leadbetter's view that she is a prevailing party.[4] In <u>Corcoran</u>, the plaintiff voluntarily dismissed his

10  copyright infringement claims without prejudice after the district court granted the defendant's

11  "application for a more particular statement." <u>Id.</u> at 575. Under the facts presented in the case, the

12  <u>Corcoran</u> court held that the defendant could be regarded as a prevailing party and summarized its

13  reasoning as follows:

14  > Appellant claims that in view of his voluntary dismissal without prejudice, appellees were not
15  > 'the prevailing party' within the meaning of the [Copyright Act]; hence the court lacked power
   > to make an award of attorneys' fees. We think this is too narrow an interpretation of the
   > statute. The authority given is not in terms limited to the allowance of fees to a party who
16  > prevails only after a trial on the merits. Where, as here, a defendant has been put to the
   > expense of making an appearance and of obtaining an order for the clarification of the
17  > complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party
   > sued is the prevailing party within the spirit and intent of the statute even though he may, at the
18  > whim of the plaintiff, again be sued on the same cause of action.

19  <u>Id.</u> at 576. Although this case was decided in 1941, it continues to be cited by courts in the Ninth

20  Circuit and other jurisdictions. <u>See, e.g.</u>, <u>Maljack Prods., Inc. v. Palisades Entm't</u>, 1995 WL 779154

21  at * 2 (C.D. Cal. June 23, 1995) ("in spite of its age, <u>Corcoran</u> is still good law and continues to be

22  cited favorably by courts in many circuits").

23

---

25  [4] <u>Corcoran</u> was referenced in the same section of the <u>Nimmer on Copyright</u> treatise cited by Plaintiffs. <u>See</u> 4 <u>Nimmer on Copyright</u> § 14.10[B] n.12.

26  ORDER - 6

The Court does not regard the Corcoran decision as providing a basis for Ms. Leadbetter's fee request. Putting aside any questions of whether Corcoran remains an accurate statement of the law following the Supreme Court's 2001 Buckhannon decision, Corcoran is distinguishable on its facts. The plaintiff in Corcoran voluntarily dismissed his copyright claims after the defendant prevailed on a motion to require clarification of the plaintiff's complaint. By contrast, Ms. Leadbetter did not prevail on a similar motion in this case; indeed, it does not appear that she prevailed on any issue in this action before the claims against her were voluntarily dismissed.

In sum, Ms. Leadbetter did not obtain a judgment on the merits or a court-ordered consent decree in her favor, nor did she otherwise prevail on an issue in this case. Although the claims against her were dismissed, they were voluntarily dismissed without prejudice on Plaintiffs' motion. Under these circumstances, Ms. Leadbetter has not provided the Court with persuasive authority to support her position that she is a "prevailing party" in this case, particularly in light of the Supreme Court's Buckhannon decision. Therefore, the Court finds that Ms. Leadbetter is not a "prevailing party" for purposes of seeking a fee award under Section 505 of the Copyright Act.

The remainder of the parties' briefing on Ms. Leadbetter's motion for fees focuses on whether a fee award would be justified under the factors set forth by the Supreme Court in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). Because the Fogerty factors are only relevant when a "prevailing party" seeks attorney's fees under the Copyright Act, it is not necessary to consider these factors in light of the Court's determination that Ms. Leadbetter is not a prevailing party.

Finally, Ms. Leadbetter has filed a motion asking the Court to review a confidential settlement agreement between Plaintiffs and her son (Dkt. No. 102), arguing that Plaintiffs mischaracterized the terms of this agreement in their opposition to her motion for fees. Because Ms. Leadbetter does not suggest that a review of the settlement agreement with her son would be relevant to the Court's analysis of whether she is a "prevailing party" in this action, the Court denies this motion as moot.

ORDER - 7

**Conclusion**

Because the Court finds that Ms. Leadbetter is not a prevailing party in this action, the Court DENIES Ms. Leadbetter's motion for an award of attorney's fees and costs. In light of this ruling, the Court DENIES as moot Defendants' motion for court review of the confidential settlement agreement between Plaintiffs and Mr. Leadbetter.

The Clerk is directed to send copies of this order to all counsel of record.

Dated:   September 6, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 8